**UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| SHAWN PRATHER | * | CIVIL ACTION NO.:23-1349 |
| | * | |
| Plaintiff, | * | |
| v. | * | JUDGE: |
| | * | |
| EAST BATON ROUGE PARISH | * | |
| SCHOOL BOARD and | * | JURY TRIAL DEMANDED |
| RICHARD DAY, individually | * | |
| and in his official capacity | * | |
| | * | |
| Defendants. | * | |
| | * | |

**PETITION FOR DAMAGES**

The Petition for Damages of Petitioner/Plaintiff Shawn Prather, a person of the full age of majority, domiciled in the State of Virginia, who respectfully represents as follows:

1.

Made Defendants herein are:

(A) **EAST BATON ROUGE PARISH SCHOOL BOARD** (hereinafter "School Board"), which is a constitutionally or statutorily created political subdivision of the State of Louisiana and has the capacity to sue and be sued. The School Board and its office is located in East Baton Rouge Parish, Louisiana.

(B) **RICHARD DAY** (hereinafter "Principal Day"), individually and in his official capacity as the former Principal for Southeast Middle School. Principal Day is an individual of the age of majority domiciled and residing in Assumption Parish, Louisiana.

## JURISDICTION AND VENUE

2.

This Court's jurisdiction is based on 28 U.S.C. §1343(3) and 1330 for these causes of action arising under 42 U.S.C. §1983 *et seq.* This Court's supplemental jurisdiction over the claims arising under the laws of the State of Louisiana is based on 28 U.S.C. §1367(A) because those claims arise out of the same incidents giving rise to Plaintiff's federal law claims and form a part of the same case or controversy.

3.

Subject matter jurisdiction is also proper in this Court pursuant to 28 U.S.C. §1332 because the parties are diverse in citizenship and the amount in controversy exceeds the jurisdictional minimum of $75,000.00, exclusive of interest and costs.

4.

Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1),(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Middle District of Louisiana.

## FACTS AND ALLEGATIONS

5.

At all relevant times, the School Board controlled and was legally responsible for the operation of Southeast Middle School; the School Board was also legally responsible for the hiring, retention and conduct of its employees, including teachers and administrators at Southeast Middle School.

6.

At all times pertinent hereto, Petitioner, Shawn Prather, was enrolled in and attended Southeast Middle School, located at 15000 South Harrells Ferry Road, Baton Rouge, Louisiana 70816.

7.

At all times pertinent hereto, Rafe N. Davison ("Davison"), an adult male, born September 14, 1937, was a science teacher at Southeast Middle School, and employed by the School Board.

8.

On or about May 14, 1985, Shawn Prather was a 14-year-old student enrolled in seventh grade at Southeast Middle School when Davison called Petitioner into his otherwise empty classroom while Petitioner was inside the school building taking a bathroom break during P.E. class.

9.

Davison then closed the door to the classroom so that he and Petitioner were alone and began touching, hugging and kissing Petitioner then proceeded to perform oral sex on Petitioner in the classroom without Petitioner's consent.

10.

Davison then sent Petitioner back to P.E. class with a note excusing him from missing part of P.E. class.

11.

On two additional occasions between May 14, 1985 and May 23, 1985, Davison again isolated Petitioner in his classroom and, without consent, kissed and hugged Petitioner, rubbed and

touched Petitioner's buttocks and genitals, and performed oral sex on Petitioner, and put some type of unknown object in Petitioner's anus during the act of oral sex.

12.

Petitioner disclosed that he had been inappropriately touched by Davison and made a report to East Baton Rouge Parish Sheriff's detectives, who conducted an investigation, which included interviewing both Davison and Southeast Middle School Principal, Richard Day.

13.

Davison admitted to detectives to having a personal attraction to Petitioner and to kissing him after closing the classroom door to be alone with Petitioner on May 14, 1985. Davison admitted that he had done wrong and needed counseling to help him with his "problem." Davison was then arrested for indecent behavior with a juvenile.

14.

Principal Day informed law enforcement that a detective had previously met with the Assistant Superintendent of Schools, Southeast Middle School Administrators and himself, years earlier to discuss concerns and complaints from parents in Davison's neighborhood about Davison's behavior with children and admitted that Davison's name had come up before "in these related type incidents" with children in Davison's neighborhood and around the school.

15.

Upon information and belief, despite this knowledge, neither Principal Day nor any other School Board or Southeast Middle School officials took any action to protect Petitioner or other students from being sexually harassed or abused by Davison until after Petitioner was abused and Davison was arrested on May 23, 1985.

## CAUSES OF ACTION

## COUNT I: NEGLIGENCE

16.

All previous paragraphs of this Petition hereby are incorporated by reference as if stated in full herein.

17.

Defendants' conduct constitutes negligence against Plaintiff under Louisiana state law.

18.

At all times pertinent herein, Defendants, individually and/or through their employees, owed a duty of reasonable supervision over students. See La. C.C. Arts. 2315 and 2320. This duty includes adequate supervision to provide for the safety of students.

19.

The aforesaid incidents resulting in injuries and damages specified herein were proximately and legally caused by the fault and negligence and/or gross negligence of Defendants, individually and through their agents, employees, servants, including, but not limited to, the following negligent acts of omission and/or commission, that may be shown during the trial hereof and all in violation of La. C.C. Art. 2315:

a.      negligent hiring of Davison;

b.      negligent retention of Davison;

c.      negligent supervision of Davison and/or Petitioner;

d.      failure to properly train Davison and other teachers;

e.      failing to protect Petitioner from harm;

f.  failing to have sufficient policies and procedures to prevent abuse of minors by their agents and/or employees, or on their premises;

g.  failing to have adequate security measures and policies in effect that would prevent sexual abuse of a minor by their agents and/or employees and/or on their premises;

h.  failing to investigate claims of sexual abuse of minors by their agents and/or employees;

i.  failing to apply common sense, and negligently exposing minors to unreasonably dangerous situations, including sexual abuse of a minor at the hands of their agents and/or their employees;

j.  failing to provide adequate and appropriate training to is personnel to recognize the risks of sexual encounters by minors with their agents and/or employees;

k.  failing to take any and all actions and/or act in way(s) that could have prevented and avoided the sexual abuse in question, which amounts to gross negligence;

l.  failing to report Davison's sexual abuse of minors to police or law enforcement or any legal authority; and

m.  failing to routinely screen its agents and employees to avoid the risk of sexual encounters with minors when they knew or should have known of the risks that their agents and employees would have improper contact with minor children.

20.

The aforesaid sexual abuse resulting in injuries and damages specified herein are legally and proximately caused by the fault, negligence and/or gross negligence of Davison, who at all pertinent times was acting under the employment, service, direction, superintendence and/or control of Defendants, their directors or administrators.

21.

Defendants had superior knowledge about the risk that Davison posed to Petitioner as a minor child, which knowledge establishes a heightened duty of care to protect Petitioner, and Defendants, their administrators, agents and employees, violated that duty.

22.

Additionally, and concurrently, the acts and omissions of the Defendants expressed herein represent negligent infliction of emotional distress on Petitioner, resulting in damages expressed below.

23.

Additionally, and concurrently, the acts and omissions of Defendants expressed herein represent an invasion of the privacy of Petitioner, resulting in the damages expressed below.

## COUNT II:  VICARIOUS LIABILITY

24.

All previous paragraphs of this Petition hereby are incorporated by reference as if stated in full herein.

25.

The School Board is  vicariously liable under La. C.C. Arts. 2315, 2317 and 2320 and/or the doctrine of *respondeat superior* (vicarious liability), for the acts and omissions or their employees and servants, specifically Rafe N. Davison, who was under Defendants' superintendence, control, supervision, and direction, and was acting withing the course and scope of his employment with the School Board at all times relevant herein.

26.

At the time of the sexual abuse of Petitioner by Davison, Principal Day was under the superintendence, control, and supervision of the East Baton Parish School Board, rendering the School Board responsible for all acts and omissions of its agents and employees, including, but not limited to Principal Day, who was at all pertinent time acting within the course and scope of his employment with the School Board.  Defendants are liable jointly, severally and *in solido* to Petitioner as a victim of Davison.

**COUNT III: 24 U.S.C. § 1983 – VIOLATION OF**
**FOURTEENTH AMENDMENT RIGHTS**

27.

All previous paragraphs of this Petition hereby are incorporated by reference as if stated in full herein.

28.

Through the conduct described above, Defendants, acting under color of state law, unlawfully deprived Petitioner of his constitutional rights under the Fourteenth Amendment to personal security, bodily integrity and to be free from sexual abuse by his teachers.

29.

Defendants are liable to Petitioner for Davison's violation of Petitioner's constitutional rights under the Fourteenth Amendment because the unconstitutional actions of Davison were encouraged, approved, caused by, tolerated, permitted, or ratified by established customs, policies, practices, or procedures established by Defendants, including but not limited to:

a.    failing to adequately investigate the background and employment of teachers;

b.    failing to train principals, teachers and other employees on how to recognize and report inappropriate sexual behavior by a teacher on a student;

-8-

c.  failing to conduct a reasonable investigation in response to reports of a teacher's inappropriate sexual behavior and/or comments, regarding children;

d.  failing to train principals and other employees on how to conduct a reasonable investigation into reports that a teacher is exhibiting inappropriate sexual behavior and/or making inappropriate sexual comments relating to children and/or students;

e.  failing to train principals and other employees on how to properly supervise a teacher who has been reported to have engaged in inappropriate sexual behavior and/or made inappropriate sexual comments regarding children and/or students;

f.  failing to train principals and/or other employees on how to protect students from violations of their constitutional right to personal security and bodily integrity, including sexual abuse by a teacher;

g.  despite their actual and/or constructive knowledge of the risk of serious injury presented by Davison, Defendants exhibited deliberate indifference toward Petitioner and others by hiring, retaining and failing to supervise Davison;

h.  prior to May 14, 1985, Defendants developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of students at Southeast Middle School;

i.  It was the policy of Defendants to inadequately supervise and train its teachers, including Davison and other employees, thereby failing to adequately discourage further constitutional violations on the part of its teachers;

j.  The above-described policies and customs demonstrated a deliberate indifference on the part of policymakers of Defendants to the constitutional rights of students

under their care, custody and control, and were the cause of violations of the rights of Petitioner; and

k.       other unconstitutional customs or policies which allowed for sexual abuse of students by teachers.

### COUNT IV: La. R.S. §9:2800.9

30.

All previous paragraphs of this Petition hereby are incorporated by reference as if stated in full herein.

31.

Consistent with La. R.S.§9:2800.9, Plaintiff brings this action pursuant to Section 2 of Louisiana Act No. 322 of the 2021 Legislative Session (H.B. 492), as amended by Louisiana Act No. 386 of the 2022 Legislative Session (H.B. 402), which provides the following:

> Any person whose cause of action related to sexual abuse of a minor was barred by liberative prescription shall be permitted to file an action under R.S. 9:2800.9 on or before June 14, 2024. It is the express intent of the legislature to revive until June 14, 2024, any cause of action related to sex abuse of a minor that previously prescribed under any Louisiana prescriptive period.

### DAMAGES

32.

Petitioner has suffered and will continue to suffer the following damages, injuries and losses as a direct and proximate results of the sexual abuse at the hands of Davison, and caused by the aforementioned acts and omissions of Defendants:

a.       mental pain, suffering, anguish and embarrassment;

b.       extreme humiliation and adverse notoriety;

c.       loss of self-esteem;

    d.      current and future medical treatment, psychiatric treatment and/or psychological counseling;

    e.      legal expenses and/or other costs; and

    f.      other economic damages and losses as will be proven at trial.

## REQUEST FOR JURY TRIAL

33.

Petitioner respectfully request a trial of jury by all appropriate matters herein.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner, Shawn Prather, prays that, after due proceedings, judgment be entered in favor of Petitioner and against all Defendants, jointly and *in solido,* and that this Court:

    a.      award Petitioner all compensatory damages reasonable under the circumstances;

    b.      award Petitioner punitive damages against all Defendants for each applicable count alleged in this Complaint;

    c.      award Petitioner reasonable attorney's fees, expert fees, and court costs under 42 U.S.C. §1988 for the prosecution of his 42 U.S.C. §1983 claims;

    d.      award Plaintiff reasonable attorney's fees and court costs under state law for the prosecution of state law claims;

    e.      award Petitioner legal interest on all damages awarded from the date of judicial demand until paid; and

    f.      award Petitioner such other and further relief that this Court deems just and proper.

New Orleans, Louisiana, this 22nd day of September, 2023.

-12-

Respectfully submitted,

**SOREN E. GISLESON, ESQ. (La. Bar No. 26302)**
**MIKALIA M. KOTT, ESQ. (La. Bar No. 30733)**
*Herman Herman & Katz, L.L.C.*
909 Poydras St., Suite 1860
New Orleans, Louisiana 70112-4060
Telephone: (504) 680-0596
Facsimile: (504) 561-6024
sgisleson@hhklawfirm.com
mkott@hhklawfirm.com

**ATTORNEYS FOR PLAINTIFF**